UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-8326-WM

UNITED STATES OF AMERICA,

v.

DARIUS COELLO,

        Defendant.
_____/

FILED BY____KJZ____D.C.

Oct 7, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER ON PRELIMINARY PROBABLE CAUSE HEARING

Defendant, Darius Coello ("Defendant") appeared before the Court on October 5, 2020, via Zoom video teleconference (VTC) from the U.S. Marshal's cellblock at the West Palm Beach federal courthouse for a combined detention and a preliminary probable cause hearing on a Criminal Complaint [DE 3]. A continuation of the detention hearing and preliminary probable cause hearing was held on October 7, 2020, via Zoom VTC. At the conclusion of the continued hearing on October 7, 2020, the Court announced its rulings.

Defendant knowingly and voluntarily and with the advice of competent counsel waived his personal presence in the courtroom on both October 5 and 7, 2020, and agreed to appear by Zoom VTC from the U.S. Marshal's cellblock. Because the Court also found that the interests of justice required that the hearing not be delayed, the hearings were conducted by Zoom VTC.

The Criminal Complaint alleges that Defendant (1) made false statements to a federal law enforcement officer, in violation of 18 U.S.C. § 1001; (2) made a false or fictitious oral or written statement in the records required to be maintained by a Federal Firearms Licensee, in violation of 18 U.S.C. § 924 (a)(1)(A); (3) is a habitual user of a controlled substance in possession of a firearm,

1

in violation of 18 U.S.C. § 922(g)(3); and (4) engaged in the business of dealing firearms without a license, in violation of 18 U.S.C. § 922 (a)(1)(A).

## PRELIMINARY HEARING PROBABLE CAUSE FINDINGS

The Court takes judicial notice of the Criminal Complaint [DE 3] and the accompanying affidavit of Kevin Drummond, who is a Palm Beach Sheriff's Office Deputy and a Task Force Officer for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The following evidence was established by the Criminal Complaint, the affidavit, Task Force Officer Drummond's testimony, and the testimony of ATF Special Agent Mark Finnemore.

In July of 2019, ATF began investigating Defendant. ATF gun traces established that three firearms purchased by Defendant between July 2016 and April 2018 had been recovered in criminal investigations. On April 6, 2017, Defendant purchased a firearm in West Palm Beach, Florida, for an individual who wanted to evade the mandatory waiting period.[1] Defendant completed an ATF 4473 form at that time. The individual paid Defendant approximately $60 to purchase the firearm. The firearm was later stolen from the individual's car by an associate of Defendant's.

On September 23, 2020, law enforcement conducted a non-custodial, audio recorded interview of Defendant in a parking lot. Defendant gave multiple false statements regarding his purchase of the firearm in April 2017, but he eventually did state that he had been trying to help the individual out by buying the firearm for him. Defendant also admitted to having bought firearms for other individuals, but he represented that he first made sure they were not felons. In exchange, he received "tips" in the amount of $20-50. Defendant acknowledged that he smokes

---

[1] Defendant is not subject to that waiting period because he has a concealed weapons permit in the state of Florida.

marijuana once or twice each month. He stated that he had purchased approximately 30 firearms since he obtained his concealed weapons license, but he had only three in his possession. He explained that he had purchased a firearm within the last week in West Palm Beach for an individual who wanted to evade the waiting period and was paid approximately $100 to buy the firearm.

Law enforcement went to the firearms retailer where Defendant admitted that he had recently purchased a firearm. Law enforcement determined that Defendant had purchased eight firearms at that one particular location since December 2019. For each purchase, he completed an ATF form 4473. He made several misrepresentations in the various forms.

It appears, based on the evidence, that Defendant purchased a firearm in July 2020 in West Palm Beach. He then purchased a firearm in West Palm Beach on September 4, 2020, returned to Portland, Oregon, then returned to West Palm Beach to purchase additional firearms on September 21, 2020.

On September 30, 2020, law enforcement interviewed Defendant's grandmother. She agreed to permit a law enforcement officer to accompany her into the room that Defendant generally stays in when he visits her. Law enforcement found a loaded pistol on the bed, as well as a small quantity of marijuana in the bedroom. Defendant's grandmother stated that Defendant smokes marijuana several times per week.

Upon careful review of Task Force Officer Drummond's and Special Agent Finnemore's testimony, the Criminal Complaint and affidavit, and the evidence in this case, the Court finds there is probable cause to support the four criminal counts alleged against Defendant in the Criminal Complaint [DE 3]. That is, pursuant to Federal Rule of Criminal Procedure 5.1(e), the

Court finds that there is probable cause to believe the charged offenses have been committed and that Defendant committed them. Defendant shall be required to appear for further proceedings.

**DONE and ORDERED** in chambers at West Palm Beach, Palm, Beach County, in the Southern District of Florida, this 7th day of October, 2020.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge